## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 07, 2018

Mr. Bradley L. Henry
Breeding & Henry
900 S. Gay Street, Suite 1950
Knoxville, TN 37902

Mr. Luke A. McLaurin
Office of the U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902

    Re: Case No. 16-6720, *USA v. Arthur Smith*
      Originating Case No. : 3:13-cr-00005-3

Dear Counsel,

 The court today announced its decision in the above-styled case.

 Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

      Yours very truly,

      Deborah S. Hunt, Clerk

      Cathryn Lovely
      Deputy Clerk

cc: Ms. Debra Poplin

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0027p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

    *v.*

ARTHUR CHARLES SMITH, aka Marvon Andersen,

    *Defendant-Appellant.*

No. 16-6720

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:13-cr-00005-3—Thomas A. Varlan, District Judge.

Argued: November 30, 2017

Decided and Filed: February 7, 2018

Before: NORRIS, ROGERS, and BUSH, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Bradley L. Henry, BREEDING & HENRY, LLC, Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Bradley L. Henry, BREEDING & HENRY, LLC, Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

    ROGERS, Circuit Judge. Arthur Smith was sentenced as a career offender based in part on his prior North Carolina state conviction for common-law robbery. In this appeal, he

contends that North Carolina common-law robbery does not qualify as a "crime of violence" within the meaning of § 4B1.1(a) of the United States Sentencing Guidelines.  This is the second time Smith has asked us to resolve this question.  In 2014, another panel of this court heard Smith's case and concluded that North Carolina common-law robbery indeed qualifies as a crime of violence under the Guidelines' so-called residual clause.  The Supreme Court vacated that decision, however, after its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which cast the constitutionality of the Guidelines' residual clause into doubt.  Since then, another Supreme Court decision, *Beckles v. United States*, 137 S. Ct. 886 (2017), has clarified that the Guidelines' residual clause remains valid even after *Johnson*.  We therefore reaffirm our prior conclusion that North Carolina common-law robbery is a crime of violence within the meaning of the Guidelines' residual clause.  Accordingly, Smith was properly classified as a career offender.

The United States Sentencing Guidelines ("USSG" or "Guidelines") provide longer sentences for defendants who qualify as "career offenders."  A defendant qualifies as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a).  At issue here is the final requirement that Smith have at least two qualifying prior convictions.

On April 23, 2013, Smith pleaded guilty to three federal counts stemming from his armed robbery of a CVS pharmacy in Sevierville, Tennessee.  The government contended that Smith qualified as a career offender based on two prior state-court convictions: one for drug trafficking under South Carolina law and the other for common-law robbery under North Carolina law.  Smith admitted that the South Carolina drug-trafficking conviction was a predicate offense, but maintained that the North Carolina common-law robbery conviction was not.

When Smith was originally sentenced on September 30, 2013, the applicable version of the Guidelines (the 2012 edition) defined "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2012). Subsection (1) is commonly known as the "elements" clause. Subsection (2) is generally divided into the "enumerated-offense" clause ("is burglary of a dwelling, arson, or extortion, involves use of explosives") and the "residual" clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another").[1]

At Smith's original sentencing hearing, the district court concluded that North Carolina common-law robbery qualifies as a crime of violence under the residual clause. The court thus applied the career-offender enhancement, which increased Smith's Guidelines range from 194–221 months up to 262–327 months. The district court opted for the bottom of the range, and Smith was sentenced to 262 months' imprisonment.

Smith appealed, and we affirmed his sentence in an unpublished opinion that relied on the residual clause. *United States v. Smith* (*Smith I*), 582 F. App'x 590 (6th Cir. 2014). After our decision in *Smith I*, however, the Supreme Court invalidated the Armed Career Criminal Act's identically worded residual clause, finding that it was void for vagueness. *Johnson*, 135 S. Ct. at 2563. In light of *Johnson*, the Supreme Court vacated our judgment in *Smith I* and remanded for reconsideration. *Smith v. United States*, 135 S. Ct. 2930 (2015).

While the remand in Smith's case was pending, we extended the reasoning of *Johnson* to hold the Guidelines' residual clause void for vagueness as well. *United States v. Pawlak*,

---

[1] In 2016, the U.S. Sentencing Commission removed the residual clause and replaced it with a fuller list of enumerated offenses. The 2016 version of USSG § 4B1.2(a)(2) provides that an offense is a crime of violence if it "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

822 F.3d 902, 911 (6th Cir. 2016). Thus, when we took up Smith's case on remand, the Guidelines' residual clause was not available as a basis to determine that North Carolina common-law robbery qualifies as a crime of violence. We accordingly sent his case back to the district court for resentencing in light of *Pawlak*. *United States v. Smith*, 667 F. App'x 536, 537 (6th Cir. 2016).

Smith was resentenced on November 15, 2016. Because *Pawlak* was binding precedent at the time, the district court did not consider the residual clause, and instead held that North Carolina common-law robbery qualifies as a crime of violence under the elements clause and the enumerated-offense clause. However, several months after Smith's resentencing, the Supreme Court decided *Beckles*, 137 S. Ct. at 886. *Beckles* held that the advisory Guidelines are not subject to void-for-vagueness challenges, and that therefore the Guidelines' residual clause "is not void for vagueness." *Id.* at 892. In so holding, the Supreme Court effectively abrogated our decision in *Pawlak* and reinstated the Guidelines' residual clause as a basis on which to conclude that offenses qualify as crimes of violence.

*Smith I* held that North Carolina common-law robbery categorically qualifies as a crime of violence under the residual clause. Because the residual clause is valid post-*Beckles*, we may reach the same conclusion in this case so long as *Smith I*'s reasoning has not been otherwise undermined.[2] A thorough examination of both *Smith I* and the reasons Smith offers to depart from it shows that the logic of *Smith I* remains sound, and therefore North Carolina common-law robbery is a crime of violence under the Guidelines' residual clause.

Under North Carolina law, common-law robbery is "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Bell*, 603 S.E.2d 93, 117 (N.C. 2004) (quoting *State v. Moss*, 418 S.E.2d 213, 217 (N.C. 1992)). *Smith I* correctly applied the categorical approach to determine that North Carolina common-law robbery qualifies as a crime of violence under the residual clause. *See generally United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (explaining the

---

[2]We apply the version of the Guidelines in effect when Smith was originally sentenced. 18 U.S.C. § 3742(g)(1); *United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011). When Smith was first sentenced on September 30, 2013, the 2012 Guidelines (which contain the residual clause) were in effect, and so govern this case.

categorical approach). Its analysis turned on the final part of the offense definition—that the taking must be accomplished "by means of violence or fear." Smith conceded that robbery committed by means of violence does present a "serious risk of physical injury to another" as required by the residual clause, but contended that robbery committed by means of fear does not. *Smith I*, 582 F. App'x at 596. We disagreed, observing that, under North Carolina Supreme Court precedent, the fear element requires that the victim be induced to part with his property "for the sake of his person," *see State v. Sawyer*, 29 S.E.2d 34, 37 (N.C. 1944), which means the victim must be placed in fear of bodily injury. *Smith I*, 582 F. App'x at 597. This, we reasoned, "does generally present a serious risk of physical injury to another." *Id.* Smith responded that fear "for the sake of one's person" could possibly include threats of things other than physical injury, such as a threat to fire or financially ruin the victim. We rejected this argument, however, explaining that, even if it were theoretically possible to commit common-law robbery through threats of something other than physical injury (like a threat to terminate the victim's employment), the relevant inquiry is how North Carolina common-law robbery is committed in the "ordinary case," and "*in the ordinary case*, robbing someone by means of placing him in fear for his person *does* present a serious risk of physical injury." *Id.* (emphasis in original). Having thus held that North Carolina common-law robbery qualifies as a crime of violence under the residual clause, we declined to consider whether it might also qualify under the elements or enumerated-offense clause. *Id.* at 598.

On this appeal, Smith reprises his argument that the fear element can be satisfied by threats of harm other than physical violence—such as threats to the safety of family members, threats of being fired, or threats of financial ruin—and that, committed this way, common-law robbery does not pose a "serious potential risk of physical injury to another" as required by the residual clause. This argument fails for the same reason it failed in *Smith I*. "[T]he inquiry is not whether it is possible for a defendant to commit a crime in a way that would not be a violent felony." *Id.* Rather, the question is "whether the conduct encompassed by the elements of the offense, *in the ordinary case*, presents a serious potential risk of injury to another." *Id.* at 597 (quoting *James v. United States*, 550 U.S. 192, 208 (2007) (emphasis added in *Smith I*)). Smith's hypotheticals, "though perhaps the stuff of law-school exams," *id.*, do not represent the ordinary case of North Carolina common-law robbery. Tellingly, Smith does not cite any case in which

North Carolina common-law robbery has been applied based on a threat to injure the victim's family, terminate the victim's employment, financially ruin the victim, or the like. This is presumably because no such cases exist. As the Supreme Court has cautioned, the categorical approach "is not an invitation to apply 'legal imagination' to the state offense; there must be a 'realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Smith contends that we should depart from our holding in *Smith I* because, after *Johnson* and *Beckles*, even though the advisory Guidelines are not subject to void-for-vagueness challenges, the Guidelines' residual clause is still so difficult to interpret that district courts commit procedural error if they rely on it to calculate a Guidelines range. In other words, he argues that, because a sentence is procedurally unreasonable if the district court improperly calculates the Guidelines range, *Gall v. United States*, 552 U.S. 38, 51 (2007), and because the residual clause is so vague that it is impossible to interpret correctly, district courts interpreting the residual clause will always reach an improper calculation and thus commit procedural error. This wholesale attack on the residual clause must be rejected. *Beckles* recently affirmed the residual clause's validity, and we have since approved of several post-*Beckles* Guidelines calculations that relied on the residual clause. *See United States v. Patterson*, 853 F.3d 298, 305–06 (6th Cir. 2017); *United States v. Goodrich*, No. 16-1795, 2017 WL 4350896, at *2 (6th Cir. Oct. 2, 2017); *United States v. Jackson*, 704 F. App'x 484, 488 (6th Cir. 2017). Indeed, as we recently noted, "post-*Beckles*, every decision issued by the Sixth Circuit involving this question has concluded that the residual clause can provide an alternative basis for affirmance." *United States v. Johnson*, No. 16-2033, 2017 WL 5625720, at *2 n.2 (6th Cir. Nov. 22, 2017). Smith's argument amounts to an attempt to revisit *Beckles*' holding that the advisory Guidelines are not subject to vagueness challenges. We decline to do so.

Smith also argues that the Supreme Court's pre-*Johnson* residual-clause caselaw, such as *James v. United States*, 550 U.S. 192 (2007), cannot be used to interpret the Guidelines' residual clause, because this caselaw was developed in the context of the residual clause of the Armed Career Criminal Act ("ACCA"), and thus was overruled by *Johnson*. However, we have already

rejected this contention, explaining that *James*, "while no longer valid for analyzing the residual clause of the ACCA, [remains] good law for purposes of the Guidelines." *United States v. Goodson*, 700 F. App'x 417, 423 (6th Cir. 2017). The fact that *Smith I* relied in part on *James*, *see Smith I*, 582 F. App'x at 597–98, does not undermine the reasoning of that decision.

Finally, Smith cites a decision of the Fourth Circuit, *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), which holds that North Carolina common-law robbery does not qualify as a violent felony under the ACCA. However, *Gardner* is not on point. *Gardner* was an ACCA case decided after *Johnson*, and therefore it could not consider the ACCA's residual clause; instead, it was decided solely under the ACCA's elements clause. *See id.* at 803–04. Whether North Carolina common-law robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another," as the ACCA's elements clause requires, *see* 18 U.S.C. § 924(e)(2)(B)(i), has no bearing on the dispositive question in this case, which is whether North Carolina common-law robbery necessarily "involves conduct that presents a serious potential risk of physical injury to another." Moreover, since *Gardner* the Fourth Circuit has recognized that North Carolina common-law robbery does qualify as a crime of violence under the Guidelines, albeit under the enumerated-offense clause rather than under the residual clause. *United States v. Gattis*, 877 F.3d 150, 156–60 (4th Cir. 2017).

For these reasons, the district court correctly concluded that North Carolina common-law robbery is a crime of violence as that term is used in the Guidelines.

Smith also argues that his sentence is substantively unreasonable. A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). Smith not only bears the burden to show substantive unreasonableness, *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011) (citing *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008)), but because his sentence was within the Guidelines range, he must also overcome a rebuttable presumption that it is reasonable, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Smith does not meet this burden. He does not point to any way in which the district court selected his bottom-of-the-Guidelines sentence arbitrarily, based it on impermissible factors, or unreasonably applied the proper factors. He instead argues only that the career-offender guideline is generally unreasonable, because, in his view, it arbitrarily over-punishes those defendants who qualify, without sufficient evidence that it deters crime or protects the public. But the career-offender guideline is on the books, and "the mere fact that a sentencing court has the discretion to disagree with the guidelines on policy grounds does not mean that it is required to do so." *United States v. Ekasala*, 596 F.3d 74, 76 (1st Cir. 2010) (internal citation omitted). Thus, Smith has not identified anything to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

Smith's final argument is that his Sixth Amendment right to a jury trial was violated when the district court used the fact of his prior convictions to enhance his sentence, even though the fact of those convictions was neither charged by indictment nor proven to a jury beyond a reasonable doubt. This argument is foreclosed by Supreme Court precedent. In *Almendarez-Torres v. United States*, 523 U.S. 224, 239–247 (1998), the Court held that a sentencing court may use the fact of a defendant's recidivism to increase his sentence even if the defendant's prior convictions are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. The Supreme Court has since declined to revisit *Almendarez-Torres* on several occasions. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 489–90 (2000). Smith argues that *Apprendi*, *Alleyne*, and *Shepard v. United States*, 544 U.S. 13 (2005), have called *Almendarez-Torres* into question such that it is no longer viable. However, "*Almendarez-Torres* is still good law and will remain so until the Supreme Court explicitly overrules it." *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014) (quoting *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012)).

For the foregoing reasons, we affirm Smith's sentence.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 16-6720

UNITED STATES OF AMERICA,
    Plaintiff - Appellee,

v.

ARTHUR CHARLES SMITH, aka Marvon Andersen,
    Defendant - Appellant.

**FILED**
Feb 07, 2018
DEBORAH S. HUNT, Clerk

Before: NORRIS, ROGERS, and BUSH, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that Arthur Smith's sentence is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk